IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LARRY H. JENKINS,<br><br>    Plaintiff,<br><br>  vs.<br><br>DR. BROCK; DR. CHASE; DR. SIRKIN; SGT. SMITH; MOON; SOTO; SGT. WARREN; Lt. L. PENNISI, JR.; R. GROUNDS; L.V.N. MCELROY,<br><br>    Defendants<br>_____ / | Nos.  C 13-0481 WHA (PR)<br>       C 13-0626 WHA (PR)<br>       C 13-0867 WHA (PR)<br><br>**ORDER CONSOLIDATING CASES; DISMISSING WITH LEAVE TO AMEND; INSTRUCTIONS TO CLERK** |

## INTRODUCTION

Plaintiff, a pro se prisoner, filed these three civil rights case under 42 U.S.C. 1983. The cases concern the same events, in which prison officials allegedly ignored plaintiff's suicidal condition and used excessive force against him. Consequently, the cases are consolidated. For the reasons discussed below, plaintiff is directed to file an amended complaint.

## ANALYSIS

**A.  STANDARD OF REVIEW**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims

which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. LEGAL CLAIMS

Plaintiff alleges that he told defendants Dr. Brock, Dr. Sirkin, and Dr. Chase that he was feeling suicidal, but that his complaints were ignored because of his race. After he was returned to his cell, he tried to kill himself. He alleges that defendant McElroy also ignored his complaints of feeling suicidal, and he then used his clothing to hang himself. Plaintiff alleges that after defendant Soto found him hanging, Soto beat him. He also alleges that defendant Lieutenant Pennisi, Jr., stopped the beating, but that he was nonetheless responsible for the actions of guards who ignored his medical complaints and beat him.

Despite the fact that these allegations are about related events, they are set forth in three separate complaints filed in three separate cases. This is an unnecessary waste of judicial resources as only one case is necessary to address plaintiff's claims. Plaintiff will be given leave to file an amended complaint in this first case (No. C 13-0481 WHA (PR)) setting forth all of his allegations and claims regarding the alleged failure to treat his suicidal condition and subsequent beating. In addition, he does not allege any actions or omissions by some of the defendants, such as defendants Moon, Warren, and Grounds. As to each defendant he includes in his amended complaint, plaintiff must allege how they participated in or caused failed to adequately address his suicidal condition and/or used excessive force against him after he attempted suicide.

## CONCLUSION

For the reasons set out above, it is hereby ordered as follows:

1. The complaint is **DISMISSED** with leave to amend, as indicated above, within **28 days** of the date this order is filed. The amended complaint must include the caption used in this order and the civil case number C 13-0481 WHA (PR) and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. <u>Failure to amend within the designated time and in accordance with this order will result in the dismissal of this case</u>.

2. It is the plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing with the clerk a separate paper headed "Notice of Change of Address." Papers intended to be filed in this case should be addressed to the clerk and not to the undersigned. Plaintiff must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

3. The three cases listed in the caption are consolidated into Case No. C 13-0481 WHA (PR). The clerk shall administratively close the files in Case No. C 13-0626 WHA (PR) and Case No. C 13-0867 WHA (PR), terminate all pending motions in those cases, and file the complaint from those cases as supplemental complaints in Case No. C 13-0481 WHA (PR). No fee is due in either Case No. C 13-0626 WHA (PR) and Case No. C 13-0867 WHA (PR).

4. Any future motions, pleadings or communications from plaintiff regarding the matters raised in these three cases shall only include the civil case number No. C 13-0481 WHA(PR).

IT IS SO ORDERED.

Dated: April ___1___, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.13\JENKINS0481&0626.LTA.wpd

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

LARRY H JENKINS,

        Plaintiff,

v.

DR. BROCK, et al,

        Defendant.
                                  /

Case Number: CV13-00481 WHA
                      CV13-00626 WHA
                      CV13-00867 WHA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 1, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Larry H Jenkins P73230
Salinas Valley State Prison
P O Box 1050
Soledad, CA 93960

Dated: May 1, 2013

                                        Richard W. Wieking, Clerk
                                        By: Liz Noteware, Deputy Clerk